### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Cr. No. 2:19-cr-20075-TLP

DR. RICHARD FARMER,

        Defendant.

## RESPONSE MOTION IN OPPOSITION TO MOTION FOR BOND REVOCATION

**COMES NOW**, Defendant, Dr. Richard Farmer, pursuant to United States Code, Title 18 Section 3148 (hereinafter "18 U.S.C. § 3148") and files this response to the United States' Motion for Bond Revocation (DE 66), and respectfully requests this Honorable Court deny the Motion. In support thereof, Defendant would show unto this Honorable Court the following:

18 U.S.C. § 3148 contemplates a two-prong analysis in determining whether to revoke bond. After a hearing, the Court must, as applicable here:

>    (1) find[] that there is—
>
>        . . .
>
>        (B) clear and convincing evidence that the person has violated any other condition of release; and
>
>    (2) find[] that—
>
>        (A) based on the factors set forth in section 3142(g) of this title [18 USCS § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Assuming arguendo that the United States shows by clear and convincing evidence that Dr. Farmer has violated a condition of his release, Dr. Farmer asserts that there is no reason to find he will flee, pose any threat to others, or be unlikely to abide by any of his current or further or additional amended conditions of release.

On January 23, 2020, defense counsel was provided 4,648 pages of additional discovery in the form of phone records. The phone records allegedly show repeated telephone contact between witness JT and Dr. Farmer from on or about October 23, 2019, through December 30, 2019. The phone records in question show alleged multiple contacts originating from both parties; Dr. Farmer to witness JT and witness JT to Dr. Farmer. The government states it has been aware of the alleged communications since December 17, 2019.

The prohibition to "avoid all contact, directly or indirectly, with any person who is or may be a victim or contact with potential witnesses in the investigation or prosecution" is surely prophylactic in nature. (Order Setting Conditions of Release, ECF No. 13.) It is intended to prevent witness tampering or intimidation of witnesses. United States v. De Castro-Font, 587 F. Supp. 2d 364, 368-69 (D.P.R. 2008). Some of the reasons that contacts are prohibited, despite the right of free association, are a defendant may induce victims and potential witnesses to commit crimes, or contacts may enable the defendant to commit further crimes, obstruct justice, communicate threats, or tamper with witnesses by inducing them to lie or alter or revise their recollections of the events at issue. Id. at 369.

Aware of the alleged communications since December 17, 2019, the United States apparently did not believe the contact reached the seriousness of requesting Dr. Farmer's pre-trial release supervising officer to file a warrant for Dr. Farmer's arrest and revocation of his bond. Rather, the government waited until January 14, 2020, to file its motion requesting revocation. There are no allegations that Dr. Farmer tampered with witness JT or attempted to obstruct justice. The United States only alleges that Dr. Farmer "asked JT whether she was going to appear in court against him and whether she spoke to anyone about the case" and that he told JT the "case was really hard on him." (Mot., ECF No. 66, PageID 132). The pleading of the United States is absent the allegation that Dr. Farmer made contact with witness JT for the purpose of influencing witness JT's testimony at trial, to intimidate her, or any of the other reasons such condition is imposed. Nor has he violated any other conditions of release or failed to cooperate with his pre-trial release supervising officer.

Dr. Farmer may be guilty of naivety or poor judgment, but requests this Court place a great amount of weight on the facts that this Indictment is Dr. Farmer's first contact with the criminal justice system, and he has no other pre-trial release violations. Dr. Farmer further submits evidence of multiple telephone conversations does not automatically amount to witness tampering or obstruction of justice and therefore does not rise to the level required for revocation and detention as noted in 18 U.S.C. § 3148(b).

A review of the 18 U.S.C. § 3142(g) factors[1] show that Dr. Farmer was born January 2, 1937, in Memphis, Tennessee, and is 83 years old. Since his arrest in April 2019, Dr. Farmer's health and mental acuity have suffered from the stress of the allegations contained in the Indictment. Dr. Farmer is suffering from hypothyroidism, hypercholesterolemia, dry eye

---

[1] Attached as an exhibit is Dr. Farmer's Pretrial Services Report compiled April 18, 2019.

syndrome, and adrenal insufficiency and reports unclear and foggy thought patterns.  His medical practice is failing as he is able to see only a few patients a day.  Further the allegations in the Indictment have cause marital stress.  Finally, the specter of incarceration as an 83-year old is taking its toll on his health and mental state.

Additionally, if the Court finds that Dr. Farmer is unable to abide by any conditions of release, he will be housed at the West Tennessee Detention Facility through his trial, currently scheduled for February 10, 2020, and potentially through sentencing.  West Tennessee Detention Facility is a CoreCivic facility. In 2016, CoreCivic, Inc. was sued by its own shareholders because, among other things, the company misrepresented its pattern of understaffing and poor medical care. CoreCivic and its corporate leaders have bolstered the company's profits by reducing staff levels and cutting medical care.  CoreCivic has been the subject of other lawsuits and FBI investigations for the violent atmosphere of its facilities. In August of 2016, the Office of the Inspector General ("OIG") of the U.S. Department of Justice found widespread deficiencies in staffing and medical care at facilities operated for the Federal Bureau of Prisons by private contractors, including those operated by CoreCivic. Dr. Farmer submits that at his age and in light of his health problems, such a violent atmosphere and the lack of sufficient medical care will be severely detrimental to him and could worsen his conditions.

In closing, Dr. Farmer asserts he will abide by any further or additional amended conditions of release and respectfully asks that this Court deny the government's motion to revoke bond.

**WHEREFORE PREMISES CONSIDERED**, Counsel prays this Honorable Court deny the government's motion to revoke bond.

Respectfully Submitted,


/s/ Charles S. Mitchell
Charles S. Mitchell #23789
Amy Worrell Sterling #25773
Attorney for the Defendant
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535
cmitchell@blackmclaw.com
asterling@blackmclaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January, 2020, a copy of the foregoing electronically filed instrument was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Jason Knutson
Andrew Pennebaker
Jillian Willis
Damon K. Griffin
Assistant United States Attorneys
Western District of Tennessee
167 N. Main St., Suite 800
Memphis, Tennessee 38103
(901) 544-4231 (Office)

*/s/ Charles S. Mitchell*
Charles S. Mitchell (23789)